# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ERIC G. SNYDER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:17-CV-374-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Eric G. Snyder on September 22, 2017, and an Opening Brief [DE 15], filed January 24, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On May 8, 2018, the Commissioner filed a response, and on May 22, 2018, Plaintiff filed a reply.

**I.     Background**

On April 10, 2014, Plaintiff filed an application for benefits alleging that he became disabled on August 15, 2012. Plaintiff's application was denied initially and upon reconsideration. On July 12, 2016, Administrative Law Judge ("ALJ") Howard Kauffman held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On July 27, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through March 30, 2017.

2. The claimant has not engaged in substantial gainful activity since January 18, 2014, the amended alleged onset date.

1

3. The claimant has severe impairments: lumbar spine degenerative disc disease and herniated discs; cervical spine degenerative disc disease; left shoulder osteoarthritis s/p labrum tear repair; osteoarthritis of the right knee; and obesity.

4. The claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently; sit for 6 hours; and stand or walk 2 hours each per 8-hour day. He can occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl, and never climb ladders, ropes, or scaffolds. He is limited to frequent handling, grasping, and fingering. He can have no exposure to wetness, unprotected heights, and moving machinery or parts.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-44, on the amended disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 18, 2014, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v.*

3

*Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ made a number of errors in assessing Plaintiff's RFC and in weighing the evidence in the record. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

Plaintiff's treating physician completed medical source statements addressing the impact of Plaintiff's impairments on his ability to perform work-related activities in August 2015 and June 2016, both detailing Plaintiff's limitations and indicating that Plaintiff would be "unable to obtain and retain work in a competitive work environment." The ALJ gave little weight to these opinions.

"[A] judge should give controlling weight to the treating physician's opinion as long as it

is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

The ALJ disregarded Dr. Vijayaraj's opinion as inconsistent with her treatment records because the "objective findings of degenerative changes" were "only moderate in nature" and Plaintiff "has had some relief of pain with various medications." The ALJ does not specifically identify any records that are at odds with the physician's assessment of Plaintiff's abilities, although the records do, in fact, indicate that Plaintiff had decreased range of motion, spasm, gait problems, reduced strength, and reports of pain. Nor does the ALJ explain why "moderate degenerative changes" could not lead to the results reflected in the physician's reports. Furthermore, receiving "some relief" from pain does not indicate that Plaintiff no longer suffered from pain-related symptoms, and ignores the records that medications were not effective or that he was told to discontinue taking them because they were not effective.

5

In this case, although he mentioned that she was a treating source, the ALJ failed to give controlling weight to the opinion of Plaintiff's treating physician, and his reasoning leads to concern that he is substituting his own conclusions for the medical judgment of Plaintiff's treating physician, in violation of the Seventh Circuit Court of Appeals' repeated warning that ALJs are not to make their own independent medical findings and should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *f v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

The ALJ also gave "partial weight" to the opinion of an occupational therapist and certified work capacity evaluator who completed a functional capacity evaluation. As with the physician opinions, the ALJ was required to address the weight given to the occupational therapist's statement and consider how it supported or was inconsistent with other evidence in the record. SSR 06-03p, 2006 WL 2329939, *4 (Aug. 9, 2006) (requiring the ALJ to address factors such as: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; [and] Whether the source has a specialty or area of expertise related to the individual's impairment(s)"); *see also* 20 C.F.R. § 404.1545(a)(3). Similarly, the ALJ also mentioned the function report completed by Plaintiff's spouse, but "disregard[ed] any statements regarding the claimant's functional ability that conflict with the above residual functional capacity," leading to concerns that the ALJ only considered evidence that

6

supported his conclusion. *Reindl v. Astrue*, No. 09 C 2695, 2010 WL 2893611, at *12 (N.D. Ill. July 22, 2010) ("[T]he ALJ's refusal to consider [a physician]'s opinion to the extent it was inconsistent with the RFC the ALJ adopted puts the cart before the horse. The ALJ is not at liberty to first create an RFC and then disregard the evidence that may contradict it. Rather, the ALJ must determine the RFC based on a consideration of all relevant evidence presented in the record.").

Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. The ALJ failed to build that logical bridge in this case, leaving the Court unable to follow the reasoning behind the ALJ's conclusion that the opinion of Plaintiff's treating physician is unsupported by other evidence in the record, a problem that is particularly concerning given the importance of treating physician opinions on issues of residual functional capacity. *See, e.g,. Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96-5p at *5) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it."). On remand, the ALJ is directed to thoroughly address the medical evidence in the record, including properly weighing the reports of treating and evaluating providers in accordance with the regulations, and to obtain additional information as needed. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for

7

which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)).

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in an Opening Brief [DE 15] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 22nd day of February, 2019.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record